**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
MARITZA MONTALVO,

                                                     **COMPLAINT**

                   Plaintiff,             **JURY TRIAL**
                                                  **DEMANDED**

       -against-

THE CITY OF NEW YORK,  NEW YORK CITY POLICE OFFICERS
JOSHUA HAMMER , MICHAEL SIMMS, and JOHN DOE #1
in their individual and official capacities as employees
of the City of New York Police Department


                                Defendants.
------------------------------------------------------------------------X


     The Plaintiff, Maritza Montalvo, by her attorney, Paul V. Prestia, Esq., of The

Prestia Law Firm, P.L.L.C., alleges the following, upon information and belief for this

Complaint:

<u>**NATURE OF THE ACTION**</u>

     1.     This is a civil rights action for money damages brought pursuant to 42

U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, and Fourteenth Amendments of the

United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State

of New York, and the common law of the State of New York, against the City of New

York, and against Police Officers Joshua Hammer, Michael Simms and John Doe #1,

police officers of the City of New York, in their individual and official capacities.  Plaintiff

seeks compensatory and punitive damages, affirmative and equitable relief, an award of

attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

2.      This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4).  Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367.  Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiff's federal claims.

## VENUE

3.      Under 28 U.S.C. § 1391(b), venue is proper in the Southern District of New York because the events forming the basis of Plaintiff's Complaint occurred in that District.

## NOTICE OF CLAIM

4.      On July 16, 2012, Plaintiff filed a Notice of Claim upon Defendant City of New York, by delivering copies thereof to the person designated by law as a person to whom such claim may be served.

5.      The Notice of Claim was in writing, sworn to by Plaintiff, containing the name and address of the Plaintiff, and the name and address of Plaintiff's attorney.

6.      The Notice of Claim set out the nature of the claim, the time when, the place where, and manner by which the claim arose, and the damages and injuries claimed to have been sustained by Plaintiff.

7.      The City of New York has failed to adjust the claims within the statutory time period.

8.      This action is being commenced within one year and ninety days after the happening of the event upon which the claims are based. Plaintiff caused the Notice of Claim to be served upon Defendant the City of New York.

9.      A 50- H hearing of Plaintiff was conducted on June 17, 2013.

## PARTIES

10.     Plaintiff, Maritza Montalvo,  is a citizen of the U.S. and was, at all times relevant hereto, a resident of the State of New York, New York County.

11.     Defendant Police Officers Joshua Hammer, Michael Simms and John Doe #1,(hereinafter, HAMMER, SIMMS and JOHN DOE #1, respectively) were at all times relevant to this complaint a duly appointed and acting officers of the Police Department of the City of New York, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

12.     Defendant City of New York is a Municipal Corporation duly incorporated and existing pursuant to the laws of the State of New York, pursuant to Section 431 of its Charter. The City of New York has established and maintains a Police Department as a constituent department or agency of the defendant.

13.     At all relevant times, the City of New York and its Police Department employed  the defendants.

14.     At all relevant times the Defendants HAMMER, SIMMS and JOHN DOE #1, were a duly appointed and acting Police Officers of the New York City Police Department and were at all relevant times on duty on May 20, 2013.

15.     At all relevant times, Defendants HAMMER, SIMMS and JOHN DOE #1 were  acting under color of state law.

16.     At all relevant times, Defendants HAMMER, SIMMS and JOHN DOE #1 were agents, servant and employee acting within the scope of their employment by defendant City of New York.

## **FACTS**

17.     On May 20, 2012, at approximately 9:00 p.m., Maritza Montalvo (hereinafter "Plaintiff"), was at a park with her infant son and family members, in the vicinity of 12th Street and Avenue C, New York, NY.

18.     An altercation ensued at the location and defendants HAMMER, SIMMS and JOHN DOE #1 arrived. Plaintiff attempted to leave the location and attempted to grab the stroller that was holding her infant son.

19.     Defendant SIMMS approached Plaintiff and grabbed her shoulder preventing her from gaining control of said stroller.

20.     Defendant SIMMS punched Plaintiff in the face with a closed fist. Defendant HAMMER threw Plaintiff to the ground. Defendants HAMMER and JOHN DOE #1 began striking Plaintiff about the head and body and struck Plaintiff in the arm with batons. Defendant JOHN DOE #1 placed his knee on Plaintiff's throat causing her to briefly lose consciousness.

21.     Defendant HAMMER then picked Plaintiff up by her hair, handcuffed Plaintiff and stated that, "I'm going to crack your skull."

22.     Plaintiff was taken to the 9th Precinct.

23.     On May 21, 2012 Plaintiff was arraigned in New York County Criminal Court and charged with Assault in the 3rd Degree and other related charges.

24.     Bail was set at $500.00. Plaintiff was not able to post bail and was transferred to the Rikers Island.

25.      Plaintiff's family posted bail and Plaintiff was released from custody on May 23, 2012 at about 3:00 a.m. Plaintiff was in custody for approximately fifty-four (54) hours

26.     Plaintiff appeared in New York County Criminal Court on May 22, 2012, May 25, 2012, July 23, 2012, October 2, 2012, November 11, 2012 and January 31, 2013.

27.     On January 31, 2013, Plaintiff   accepted an Adjournment in Contemplation of Dismissal.

28.     Shortly after Plaintiff's arrest, and based solely thereupon,  the Administration from Children's Services removed plaintiff's son from her home. Plaintiff was allowed only supervised visitation of her infant son. Moreover, ACS mandated Plaintiff attend counseling and parenting programs.

29.     As a direct and proximate result of the malicious and outrageous conduct of Defendants set forth above, Plaintiff suffered injuries and damages, including, bruising to her head arms and body and pain to her wrist.  Plaintiff suffered emotional trauma, harm and distress, mental anguish, fear, pain and suffering, including,  Post Traumatic Stress Disorder. The full extent of the injuries and damages suffered by Plaintiff  has yet to be determined.

## FIRST CAUSE OF ACTION

30.    Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 29 of this complaint as if fully set forth herein.

31.    The acts and negligence of the Defendant Officers, committed under color of law and under their authority as City of New York police officers, in falsely arresting, physically assaulting, verbally abusing, and unlawfully searching, seizing and imprisoning Plaintiff were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences to Plaintiff and were designed to and did cause emotional harm and distress, mental anguish, fear, pain and suffering to Plaintiff. The aforesaid actions of the defendants were in violation of Plaintiff's constitutional rights to be free from unreasonable search and seizure of his person, to equal protection of the laws, and to not suffer deprivation of his liberty without due process of law, as guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and in violation of 42 U.S.C. § 1983.

32.    As a consequence thereof,  Plaintiff was injured and claims damages under 42 U.S.C. § 1983 for the above-referenced injuries.

## SECOND CAUSE OF ACTION

.    Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 32 of this complaint as if fully set forth herein.

33.    On information and belief, prior to and including May 20, 2012, the City of New York developed and maintained policies or customs exhibiting deliberate

indifference to the constitutional rights of persons in the City of New York, which caused the violation of Plaintiff's rights.

34.    On information and belief, it was the policy and/or custom of the City of New York to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City of New York.

35.    On information and belief, it was the policy and/or custom of the City of New York and its Police Department to inadequately screen, hire, train, supervise and discipline its police officers, including the defendant officers, for their propensity for violence, excessive force and restraint, for racial bias, and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing the defendant officers to be in a position to assault, unlawfully restrain, falsely arrest, and unlawfully imprison Plaintiff and otherwise cause him injury and violate his state and federal constitutional rights.

36.    On information and belief, the defendant officers have been the subject of prior civilian and departmental complaints that put, or should have put, the defendant City of New York and its Police Department on notice that the defendant officers were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by the plaintiff herein. Furthermore, the City of New York and its Police Department did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

37.    As a result of the above described policies and customs, police officers of the City of New York, including the defendant officers, believed that their actions

would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

38.     The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the City of New York to the state and federal constitutional rights of persons within the City, and were the cause of the violations of Plaintiff's rights guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and under 42 U.S.C. § 1981.

39.     The conduct and negligence of the defendant City of New York and its Police Department were the direct and proximate cause of the injuries to Plaintiff..

40.     As a consequence thereof, Plaintiff has been injured and claims damages under 42 U.S.C. § 1983 for the aforesaid injuries.

## FOURTH CAUSE OF ACTION

41.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 40 of this complaint as if fully set forth herein.

42.     The acts of the Defendants, acting under color of law, in arresting, physically assaulting, verbally abusing, seizing and imprisoning Plaintiff were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences to Plaintiff, and were designed to and did cause specific and serious bodily injury, emotional harm and distress, mental anguish, fear, pain and suffering to Plaintiff in violation of her rights to be free from unreasonable search and seizure, to equal protection of the laws, and to not be deprived of his liberty without due process of law, as guaranteed by Article I, Sections 6, 11, and 12 of the Constitution of the State of New York.

43.    As a consequence thereof, Plaintiff has been injured and claims damages for the aforesaid injuries.

## FIFTH CAUSE OF ACTION

44.    Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 43 of this complaint as if fully set forth herein.

45.    The conduct of the Defendants, acting under color of law, in falsely arresting, physically assaulting, verbally abusing, unlawfully seizing, falsely imprisoning, and falsely charging Plaintiff constituted the torts of assault, battery, trespass upon the person of Plaintiff, false arrest, false imprisonment, malicious prosecution, negligence, and intentional infliction of emotional distress under the laws of the State of New York.

46.    As a consequence thereof, Plaintiff has been injured and claims damages for the aforesaid injuries.

## SIXTH CAUSE OF ACTION

47.    Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 46 of this complaint as if fully set forth herein.

48.    The failure of Defendant City of New York and the New York City Police Department to properly hire, screen, supervise and train Defendants HAMMER, SIMMS and JOHN DOE #1 constituted the tort of negligence.

49.    As a consequence thereof, Plaintiff has been injured and claims damages for the aforesaid injuries.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff's respectfully requests that judgment be entered as follows:

1.      A declaration that the defendants violated Plaintiff's rights to equal protection of the laws, to be free from unreasonable search and seizure, to be free from excessive and unreasonable force, and to be free from the deprivation of liberty without due process of law as guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution;

2.      A declaration that the defendants violated Plaintiff's rights to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens as guaranteed under 42 U.S.C. § 1981;

3.      A declaration that the defendants violated Plaintiff's rights to equal protection of the laws, to be free from unreasonable search and seizure, to be free from excessive and unreasonable force, to not be discriminated against in her civil rights because of his race or color, and to be free from the deprivation of liberty without due process of law as guaranteed under Article I, Sections 6, 11 and 12 of the New York State Constitution;

4.      Compensatory damages against all defendants in an amount to be determined by a jury;

5.      By reason of the wanton, willful and malicious character of the conduct complained of herein, exemplary and punitive damages against all defendants in an amount to be fixed at trial;

11

6.      An award to Plaintiff of the costs and disbursements herein;

7.      An award of attorney's fees under 42 U.S.C. § 1988;

8.      Such other and further relief as this Court may deem just and proper.


Dated:  August 12, 2013
        New York, New York


_____
PAUL V. PRESTIA, ESQ.
The Prestia Law Firm, P.L.L.C.
65 Broadway, Suite 716
New York, New York 10006
(212) 430-6313
Attorney for Plaintiff